UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In Re: **Carl D. O'Neal**, xxx-xx-9429 | Case No.:13-83224-JAC-13 **Chapter 13** |
| Debtor, | Adversary Proceeding No.: |

**Carl D. O'Neal**,

    Plaintiff,

vs.

**Altair OH XIII, LLC, Weinstein, Pinson & Riley, P.S. and Max Zaleski, Claim Signatory and Representative of Altair OH XIII, LLC**,

    Defendants.

## COMPLAINT SEEKING DAMAGES IN ADVERSARY PROCEEDING FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### INTRODUCTION

1. This is an action brought by the Debtor/Plaintiff to object to Defendants' Proof of Claim (Claim Number 5); and to enforce Plaintiff's right to recover actual, statutory, and punitive damages; costs and attorney's fees from the Defendants for its violations as set forth herein.

### JURISDICTION AND VENUE

2. This is a core proceeding as defined by 28 U.S.C. § 157, as this is a matter arising in a case under Title 11.

3. This Court has proper matter jurisdiction pursuant to 28 U.S.C. § 157(b) and § 1334.

4. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. The Plaintiff in this case is the Debtor under Chapter 13 of Title 11 of the United States Code in case number 13-83224, which case is presently pending before this Court.

7. The Defendant, Altair OH XIII, LLC (hereinafter known as Altair) is, upon information and belief, a limited liability company organized under Delaware law. According to the records of the Delaware Secretary of State, Altair OH XIII, LLC principal address is 1888 Century Park East, 2nd Floor, Los Angeles, CA 90067 and it may be served through its Registered Agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

8. The Defendant, Weinstein, Pinson & Riley, P.S. (hereinafter known as Weinstein) is, upon information and belief, a limited liability company organized under Washington law. According to the records of the Washington Secretary of State, Weinstein, Pinson & Riley, P.S. principal address is 2001 Western Avenue, Ste. 400, Seattle, WA 98121-2163 and it may be served through its Registered Agent, Daniel Ross, 2001 Western Avenue, Ste. 400, Seattle, WA 98121-2163. Defendant, Max Zaleski, is the claim signatory.

9. Defendants Altair OH XIII, LLC, Weinstein, Pinson & Riley, P.S. and Max Zaleski are consumer debt collectors as defined under 15 U.S.C. § 1692(a) of the FDCPA.

10. Defendant Altair OH XIII, LLC purchases portfolios of both domestic (U.S.) and international consumer debts owned by credit grantors including banks and finance companies, and by other debt buyers.

11. Defendant Weinstein, Pinson & Riley, P.S. purchases portfolios of both domestic (U.S.) and international consumer debts owned by credit grantors including banks and finance companies, and by other debt buyers. www.w-legal.com

## FACTUAL ALLEGATIONS

12. The Chapter 13 case of the Plaintiff was commenced by the filing of a petition with the Clerk of this Court on October 18, 2013.

13. Proof of Claim number 5 was filed by Weinstein, Pinson & Riley, P.S. on January 10, 2014, and signed by defendant Max Zaleski.

14. Defendants Altair OH XIII, LLC and Weinstein, Pinson & Riley, P.S. were not listed on the Plaintiff's Chapter 13 mailing matrix but the Plaintiff is of the belief that Altair OH XIII, LLC and Weinstein, Pinson & Riley, P.S. subscribe to a bankruptcy notification service which flagged the Chapter 13 filing. The Debtor had no knowledge of or prior dealings with Altair OH XIII, LLC and Weinstein, Pinson & Riley, P.S. It appears that the debt represented by Proof of Claim was either sold, transferred or assigned to Assignee prior to this case being filed.

15. The 341(a) meeting of creditors was held in Huntsville, Alabama on November 18, 2013.

16. The Account Detail attached to the proof of claim states:

> **Current Creditor: Altair OH XIII, LLC**
> **Acquired by Creditor from: Ophrys, LLC**
> **Charged off by original creditor on: March 3, 2005**
> **Last purchase date: July 26, 2004**

17. The proof of claim, as filed, alleges a last purchase date of July 26, 2004. Pursuant to Alabama Code § 6-2-37, the statute of limitations for collecting this type of debt is three years "from the date of the last item of the account or from the time when, by contract or usage, the account is due." Accordingly, the statute for collecting this debt expired, at the latest, in July 2007.

18. The Debtor alleges that the proof of claim, as filed by Weinstein, Pinson & Riley, P.S., is time-barred, is false and fraudulent to the extent that the Debtor does not owe the debt indicated

in the claim and has not been filed in accordance with the Official Forms, the Bankruptcy Rules and the Bankruptcy Code.

**CLAIM FOR RELIEF**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ("FDCPA")**

19. Plaintiff repeats and realleges the preceding paragraphs as though more fully set forth herein.

20. Plaintiff is a "consumer" pursuant to the definition under 15 U.S.C. § 1692a(3).

21. The Defendants are "debt collectors" pursuant to the definition under 15 U.S.C. § 1692a(6).

22. Defendants allege that Plaintiff owes a "debt" which Defendants have attempted and are attempting to collect by filing Proof of Claim Number 5.

23. In violation of 15 U.S.C. § 1692g(b), Defendants attempted to collect a debt without first obtaining verification of the debt, including the validity of the debt.

24. The acts and omissions by Defendants constitute violations of the FDCPA including, but not limited to, collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and deceptive methods in direction violation of 15 U.S.C. 1692f(1).

25. Plaintiff further relies upon the case of <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) which provides that "a debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that the limitations period has been or should be tolled, is an unfair and unconscionable means of collecting the debt." The rationale expounded in <u>Kimber</u> (id.) was applied to the filing of a proof of claim in bankruptcy by the United States Court of Appeals for the Eleventh Circuit in <u>Crawford v. LVNV Funding, LLC, et al.</u> 758 F.3d 1254, Case No. 13-12389 (11th Cir. Jul. 10,

2014). In Crawford, the court observed that "A deluge has swept through U.S. bankruptcy courts of late. Consumer debt buyers—armed with hundreds of delinquent accounts purchased from creditors—are filing proofs of claim on debts deemed unenforceable under state statutes of limitations." Id. The court concluded that "[the creditor's] filing of a time-barred proof of claim against [the Debtor] in bankruptcy was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of §1692e and §1692f". Id. "Filing a proof of claim is the first step in collecting a debt in bankruptcy and is, at the very least, an "indirect" means of collecting a debt. See 15 U.S.C. §§ 1692a(6), 1692e, and 1692f". Id. "Just as [the creditor] would have violated the FDCPA by filing a lawsuit on stale claims in state court, [the creditor] violated the FDCPA by filing a stale claim in bankruptcy court".

26. Defendants' violations include, but are not limited to, engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in direct violation of 15 U.S.C. § 1692d.

27. The foregoing acts and omissions of the Defendants were in bad faith and willfully, knowingly, and/or in gross or reckless disregard of the rights of the Plaintiffs.

28. As a result of Defendants' intentional violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages in the amount of $1,000.00, punitive damages, costs of the action and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff having set forth his claims for relief against the Defendants respectfully prays of the Court as follows:

A. For Plaintiff's actual damages;
B. For punitive damages against Defendants in an amount as to the Court is deemed appropriate;

C. For such sanctions as the Court may deem just, equitable, and proper to enforce provisions of the Bankruptcy Code;
D. That the Court award additional actual damages, statutory damages in the amount of $1,000.00, costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. § 1692k;
E. That Proof of Claim Number 5, as filed herein, be stricken, with prejudice, and that all disbursements made by the Trustee to Defendants be returned;
F. That the Plaintiff be awarded reasonable attorney's fees and costs associated with the prosecution of this action; and
G. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Amy K. Tanner
Amy K. Tanner

OF COUNSEL:
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon **Altair OH XIII, LLC c/o Corporation Service Company, Registered Agent, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808, Weinstein, Pinson & Riley, P.S., c/o Daniel Ross, Registered Agent, 2001 Western Avenue, Seattle, WA 98121, Weinstein, Pinson & Riley, P.S., 2001 Western Avenue, Seattle, WA 98121, Weinstein, Pinson & Riley, P.S., c/o Maz Zaleski, Claim Signatory & Representative of Altair OH XIII, LLC, 2001 Western Avenue, Seattle, WA 98121 and Michael F. Ford, Chapter 13 Trustee**, by depositing a copy of the same in the United States mail, properly addressed and adequate postage thereon this  12th  day of January , 2015.

/s/ Amy K. Tanner
OF COUNSEL